## F. H. Caldwell and F. C. Hemenway v. Frances Dvorak.

1. WITNESSES—*Credibility of, is for the Jury.*—The jury see the witnesses and hear them testify and are in a better position to judge as to their truthfulness than a court of appeal, and in this case the court is unable to say that they should have disregarded the testimony of appellee.

2. INSTRUCTIONS—*Should be Construed Together.*—Appellant's instructions distinctly informed the jury that "fraud may may be proved by circumstances" and the fact that this was not stated in appellee's second instruction could not have misled the jury.

Trespass, for a wrongful levy. Appeal from the Circuit Court of Rock Island County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed June 26, 1897.

JACKSON & HURST and HAROLD A. WELD, attorneys for appellants.

LOONEY & KELLY and J. T. KENWORTHY, attorneys for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action of trespass brought by appellee against

appellants, to recover the value of certain property levied upon and sold by appellant Hemenway, as sheriff, under an execution in favor of Caldwell, and against John Buryanek, a brother of appellee.

Buryanek being indebted to Caldwell, who is a banker, the latter sued out a writ of attachment which was levied upon the property in question, but the levy was subsequently released, after appellee had notified the sheriff that she claimed the property and demanded its possession. The claim of appellee to the property was based upon a chattel mortgage of the same, executed to her by Buryanek. Five days later, Caldwell claiming that the chattel mortgage was fraudulent, caused the property to be again levied upon under the writ of attachment. On the trial of the attachment suit, the issue as to whether the chattel mortgage was *bona fide* or not, was determined in favor of appellee, and the attachment was dissolved, but appellant Caldwell recovered a judgment against Buryanek, in the same suit, for $2,352. An execution was issued upon this judgment, which came into the hands of Hemenway, as sheriff, and under which he levied upon and sold the property in controversy. The sheriff's return of the sale shows that the property sold for the sum of $406.40.

Before the entry of the judgment against Buryanek, but after the release of the first levy under the attachment writ, he made a bill of sale of the property to the appellee. His claim and that of appellee is, that this bill of sale was made because the latter was about to foreclose her chattel mortgage after the first levy, under the insecurity clause in the mortgage. Appellee claims that the consideration of the chattel mortgage, which was for $1,000, was money loaned to Buryanek out of funds which she brought with her from Bohemia when she came to this country in June, 1893.

There was a trial by jury and verdict for appellee for $1,000, from which the court ordered a remittitur of $400, and then, after overruling a motion for new trial, rendered judgment in her favor for $600, and appellants appeal to this court.

The only controversy in the case is as to the *bona fide* of the chattel mortgage, because, if the mortgage was given in good faith, to secure an honest indebtedness, there would be nothing fraudulent about the bill of sale. Whether the transaction was an honest one or not was a question of fact, and if the jury believed the testimony of appellee, they could not do otherwise than find in her favor. It is insisted on the part of appellants that the testimony of appellee is so improbable, and that she has contradicted herself to such an extent on the several occasions when she has testified on this matter, that no credence should be given to her story. But the jury saw the witness and heard her testify; they had before them all the evidence which was introduced tending to show that she had made different and contradictory statements on former occasions when she had been examined upon the same subject, and yet they seem to have believed her testimony, or they could not have returned the verdict which they did. The jury were certainly in a much better position to judge as to the truthfulness of appellee than we are, and we can not say they should have disregarded her testimony, especially as it was not contradicted by any one else, but on the contrary, was corroborated by Buryanek.

We do not feel warranted in disturbing the verdict of the jury upon the questions of fact involved.

It is urged that the court erred in giving the second of appellee's instructions, for the reason, as is claimed, that it substantially tells the jury that fraud can not be proved from circumstances. We do not think the instruction is fairly open to that criticism. It does announce the well known principle that fraud is not to be presumed but must be proved by the party alleging it. As to whether the fraud may be inferred from the circumstances in evidence, or must be established by direct proofs, the instruction is wholly silent.

In the second instruction given for appellant the jury are distinctly informed that "fraud may be proved by circumstances shown by the evidence in the suit," so that the

jury could not have been misled on that subject by any-thing contained in appellee's second instruction, and we think there was no error in giving it. We think there was no error in refusing the twelfth instruction asked by appellants. The substance of it was given in other instructions, on behalf of both parties, and the court was not required to repeat, over and over again, the principle it contained.

Finding no error in the record, the judgment will be affirmed.